UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 15 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>v. )<br>)<br>KENNETH MAURICE ALSTON, )<br>Defendant. )<br>_____ ) | Criminal No. 01-00264 (ESH/AK) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge by the Honorable Ellen Segal Huvelle for a Hearing on Violation of Defendant's supervised release and a Report and Recommendation.

### I. Background

On October 3, 2002, Mr. Alston was sentenced to a period of fifty-one months imprisonment on Count One, twenty-four months imprisonment on Count Two, to be served consecutively, and sixty months supervised release on Counts One and Two, to be served concurrently, following his conviction for Armed Bank Robbery (Count One), in violation of 18 U.S.C. §2113(a) and (d), and his conviction for Use of a Firearm During and in Relation to a Crime of Violence (Count Two), in violation of 18 U.S.C. §924(c). In addition to a $200.00 special assessment, the following special conditions were imposed by the trial court:

- substance abuse testing and treatment
- restitution in the amount of $99,123, to be paid at a rate of no less than $50.00 per month
- mental health treatment
- educational/vocational skills training program.

Supervision began on May 24, 2007 and was scheduled to terminate on May 23, 2012.

Following the Defendant's release from imprisonment he was referred for substance abuse testing and therapy. He successfully completed the program in November 2007, and remained drug free until March 19, 2008, when he tested positive for morphine. From March 2008 until June, 2010, Mr. Alston's compliance with his supervision was at best checkered. Between those dates he managed to acquire ten violations, which primarily involved repeated use of alcohol, cocaine and opiates. In addition to the numerous positive drug tests, he was frequently reprimanded by his supervising Probation Officers for alcohol and illegal drug use; failure to report for counseling and group therapy; failure to report for urine tests; failure to meet with his Probation Officer when directed; and an altercation at the Phoenix Residential Substance Abuse program with a fellow resident. In addition Mr. Alston has been inconsistent in meeting his $99,123.00 restitution obligation via monthly payments of $50.00. He has participated in three group therapy in-patient and outpatient programs and individual counseling program with the Probation Office's in-house therapist.

Throughout Mr. Alston's supervision, the Probation Officers have found that aside from his substance abuse, his supervision has been essentially satisfactory. When not in a residential program he has maintained a stable residence and been employed. He satisfied his mental health condition, paid his assessment and made some restitution payments, albeit sporadic. There have brief periods when he tested negative for illegal drug use. In his February, 2010 Memorandum to the Court, the Probation Officer stated that while the Defendant was in a program at the House of Help City of Hope, a residential abuse treatment facility, the provider believed that Mr. Alston was showing immense progress and appeared to be willing to make changes in his thinking and behaviors.

In a Memorandum to the Court dated November 30, 2010, the Probation Officer noted that while Mr. Alston was in the House of Help City of Hope he was unable to be employed. According to the Probation Officer, Mr. Alston was compliant with the treatment program requirements – which involved drug testing, group and individual counseling sessions and education classes. All of the drug tests returned negative for illegal drug use. When his inpatient program was scheduled to end on December 12, 2010, Mr. Alston was scheduled to remain at the program for three months, residing and working for the inpatient program as a mentor. Because of his inability to engage in outside employment he was unable to make restitution payments.

By Memorandum to the Court dated March 5, 2012, the Probation Officer noted that Mr. Alston in June, July, and December, 2011, and February 2, 2012, tested positive for cocaine and opiate use. As a result of the positive tests, the Probation Officer filed another notice of violation. He also noted that Mr. Alston was living with his sister, nieces and nephews; that he remains employed as an installer; and that he submits his monthly reports. While Mr. Alston clearly has a drug problem with which he has struggled throughout his period of supervision, he continues to attend group therapy and is randomly drug tested. According to the Probation Officer, Mr. Alston has the knowledge and skills to address his addiction and has incurred no new legal violations.

The undersigned held a Hearing on Violation on May 9, 2012. The Probation Officer stated on the record that Mr. Alston was referred to Mr. Farone, the in-house therapist for the Probation Office and further, that Mr. Alston was taking Suboxine on his own with prescriptions provided by a physician at Howard University Hospital. Recognizing that the Defendant's supervision was scheduled to end on May 23, 2012, the Probation Officer recommended that the

Hearing on Violation be continued to June 8, 2012, to see whether Mr. Alston could come into compliance. The Government concurred. The Probation Officer filed a Memorandum to the Court on June 5, 2012.

## II. Hearing on Violation of Supervised Release

A hearing on the Defendant's violations of his supervised release was held by the undersigned on June 8, 2012. Mr Alston was represented by counsel. At the hearing the Probation Officer stated that Mr. Alston was still attending therapy with Mr. Farone and he signed himself up as part of the STRIDE study at Howard University. The Study encompasses mental health issues and substance abuse treatment with the use of Suboxine. Mr. Alston is actively looking for employment. and is in compliance. He has not tested positive since February 2, 2012. The Probation Officer recommends that the outstanding violations be dismissed and that Mr. Alston's Supervised Release be terminated as of May 23, 2012, as was scheduled. The Government concurred in that recommendation.

DATED: June 13, 2012

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

SEEN AND APPROVED:

DATED: 6/14/12

_____
HONORABLE ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT COURT JUDGE